UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC M. TURNER, | : | CIVIL NO: 1:12-CV-02442 |
| Petitioner | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | (Magistrate Judge Schwab) |
| D. ZICKENFOSE, | : | |
| Respondent | : | |

# REPORT AND RECOMMENDATION

**I. Introduction.**

In this habeas petition, the petitioner, Eric M. Turner, challenges the Bureau of Prisons' collection of payments from him toward his court-ordered restitution pursuant to the Inmate Financial Responsibility Program (IFRP). The respondent requests that the case be transferred to the sentencing court, and Turner agrees that the case should be transferred. For the reasons set forth below, we recommend that the petition be transferred to the United States District Court for the Northern District of West Virginia.

**II. Background and Procedural History.**

Turner was convicted in the United States District Court for the Northern District of West Virginia of engaging in a continuing criminal enterprise (CCE) in

violation of 21 U.S.C. § 848, distributing crack cocaine in furtherance of a CCE in violation of 21 U.S.C. § 841(a)(1), a killing resulting from a CCE in violation of 21 U.S.C. § 848(e)(1)(A), interstate travel in aid of a racketeering enterprise in violation of 18 U.S.C. §1952, using and carrying a firearm during a crime of violence in violation of 18 U.S.C. 924(c), and aiding and abetting in violation of 18 U.S.C. § 2. *Doc. 5-1* at 7. In April of 1998, Judge Broadwater of the Northern District of West Virginia sentenced Turner to a term of imprisonment for life plus five years. *Id.* He also imposed a $400.00 special assessment on Turner and ordered Turner to pay $3,059.57 in restitution. *Id.* at 12. Turner's criminal judgment states that he shall pay the "criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B." *Id.*

In December of 2012, Turner filed a petition for a writ of habeas corpus in accordance with 28 U.S.C. § 2241. Turner challenges the Bureau of Prisons' collection of restitution from him pursuant to the IFRP. He claims that under threat of being place in IFRP-refusal status, which would lead to the loss of certain privileges, he was forced to execute an IFRP contract. He seeks an order placing him in "IFRP exempt status" and reimbursement of funds previously deducted from his account. He claims that the BOP's collection of restitution payments from him contravenes the Mandatory Victims Restitution Act of 1996 because the sentencing court did not set a schedule of payments.

2

The respondent filed a response to the petition arguing that the petition should be transferred to the United States District Court for the Northern District of West Virginia.[1] Turner filed a reply agreeing that the case should be transferred.

**III. Discussion.**

The respondent asserts that he has learned from the Clerk of Court of the Northern District of West Virginia that "Sheet 5, Part B," referred to in Turner's criminal judgment, is a document "specially adopted by that district" which remains sealed unless the court grants a motion to unseal. Respondent asserts that, because that document is sealed, he does not have a clear statement of the terms of the restitution order in Turner's case. He also asserts that he cannot with certainty ascertain what financial information was before and relied on by the sentencing court. The respondent, however, points out that the sentencing court has access to all the relevant information. Therefore, the respondent requests that the case be transferred to the sentencing court.

---

[1] The respondent also argues, in the alternative, that the petition should be denied. In a request that appears inconsistent with his alternative argument that the petition be denied, the respondent requests additional time to obtain necessary documents from the sentencing court to address the merits of Turner's claim if the court does not transfer the petition.

3

A federal court may transfer an action to another federal court when it is in the interests of justice to do so:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

28 U.S.C. § 1404(a). This provision applies to habeas cases, and judges in this district have transferred § 2241 habeas cases challenging collections under the BOP's IFRP to the sentencing court. *See e.g.,Massaquoi v. Thomas,* Civil No. 1:11-CV-01563, 2012 WL 4069768 (M.D.Pa. 2012)(Rambo, J.); *Diaz v. Scism*, 1:11-CV-0490, 2011 WL 2135392 (M.D. Pa. May 31, 2011)(Jones, J.); *Gardner v. Williamson,* Civil No. 3:07-CV-1788, 2008 WL 1752229 (M.D.Pa. April 14, 2008) (Munley, J.).

The United States District Court for the Northern District of West Virginia is the court that sentenced Turner and is the court that has easy access to the terms of the restitution order. The parties in this case agree that the case should be transferred to that court. Because it is in the interest of justice to do so, we recommend that the case be transferred to the United States District Court for the Northern District of West Virginia.

**IV. Recommendation.**

Accordingly, for the foregoing reasons, it is recommended that the case be transferred to the United States District Court for the Northern District of West Virginia.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 7th day of May, 2013.

*S/Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge